UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                         CRIMINAL ACTION NO. 3:16-CR-00099-CRS

LEONARDO RODRIGUEZ PRADO                                                         DEFENDANT

Memorandum Opinion

I.   Introduction

A federal grand jury indicted Leonardo Rodriguez Prado with one count of wire fraud, three counts of aggravated identity theft, and one count of possession of unauthorized and counterfeit access devices. Superseding Indictment 1–4, ECF No. 22. The United States alleges that Rodriguez Prado installed skimming devices inside gas pumps to illegally collect credit card and debit card information. *Id*. at 1.

Rodriguez Prado moved to suppress all statements he made to law enforcement officers on April 26, 2016 and all physical evidence collected as a result of those statements. Mot. Suppress 1, ECF No. 28. Rodriguez Prado maintains that the statements and evidence were obtained in violation of his rights protected by the Fourth, Fifth, and Sixth Amendments to the Constitution. *Id*. The United States responded. Resp. Opp. Mot. Suppress 1, ECF No. 30. The United States then filed a "Second Response" to the motion to suppress. Second Resp. Opp. Mot. Suppress, ECF No. 35. Rodriguez Prado did not reply to either response.

The magistrate judge held an evidentiary hearing on the motion to suppress. During the evidentiary hearing, Louisville Metro Police Department (LMPD) Detective Yousef Mattiche testified on behalf of the United States regarding his interactions with Rodriguez Prado on April 26, 2016. Trial Tr. 1, ECF No. 38. In sum, Detective Mattiche attested that he made two

telephone calls to Rodriguez Prado, set up a pretend exchange of credit card numbers for money, and Rodriguez Prado came to the assigned location at the time that they had agreed upon, which led to his interactions with the officers that form the basis for the current charges. *Id*. at 2–36.

The magistrate judge issued a report and recommendation on Rodriguez Prado's motion to suppress. R. & R. 1, ECF No. 42. The magistrate judge recommended that Rodriguez Prado's motion to suppress be denied. *Id*. Rodriguez Prado and the United States filed objections to the magistrate judge's report and recommendation. Rodriguez Prado's Obj. 1, ECF No. 1; United States' Obj. 1, ECF No. 49. Rodriguez Prado responded to the objections of the United States. Prado's Resp. Opp. Obj. 1, ECF No. 51. For the reasons stated below, the Court will overrule Rodriguez Prado's objections to the magistrate judge's report and recommendation. The Court will also overrule the United States' objections.

II.   Standard of Review

The Court makes a de novo determination of the proposed findings or recommendations to which Rodriguez Prado and the United States object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

III.   Rodriguez Prado's Objections to the Magistrate Judge's Report and Recommendation

Rodriguez Prado asserts five objections to the magistrate judge's report and recommendation. Rodriguez Prado's Obj. 7–15, ECF No. 44. All of these objections lack merit. First, Rodriguez Prado objects to the magistrate judge's finding that Detective Mattiche made two telephone calls and spoke to him during those telephone calls. *Id*. at 7–9. Rodriguez Prado asserts that the evidence does not show that the telephone calls ever occurred or that he answered the telephone calls because he is more fluent in Spanish than in English. *Id*.

As explained during the evidentiary hearing, Detective Mattiche was the lead detective on the investigation of Rodriguez Prado. Trial Tr. 41, ECF No. 38. Detective Mattiche testified that the LMPD received information from a confidential informant that Rodriguez Prado had been placing skimmers in gas pumps and then using the collected credit and debit card information to re-encode other cards. *Id*. at 10. On April 26, 2017, Detective Mattiche obtained a telephone number for Rodriguez Prado. *Id*. at 15–16. Detective Mattiche did not testify how he received the telephone number from the confidential informant. *See id*.

Detective Mattiche called the number. *Id*. at 16. When speaking, he did not identify himself as a law enforcement officer; instead, Detective Mattiche called himself "Ahmed" and "used a different accent." *Id*. at 17. He asked the person who answered the telephone if he was "Leo," and the person said "yes." *Id*. Because Rodriguez Prado's first name is Leonardo, this answer led Detective Mattiche to believe the person answering the telephone was Rodriguez Prado. *Id*. Detective Mattiche asked the person on the telephone if he had any re-encoded cards that he was interested in selling, and the other person apparently answered in the affirmative. *Id*. at 16. The other person and Detective Mattiche came to an agreement that Detective Mattiche would purchase 200 credit card numbers on a USB drive for $4,000.00. *Id*. Detective Mattiche then suggested that they meet and that the person bring his computer with him to the meeting to ensure that the credit card numbers were on the USB drive. *Id*. at 17.

Later that day, Detective Mattiche, still posing as "Ahmed," called the telephone number again to discuss a meeting place. *Id*. at 20. The person who answered the telephone told Detective Mattiche that he would be in a white car, and Detective Mattiche replied that he would be in a blue car. *Id*. During both of these telephone calls, Detective Mattiche and the other person spoke in English. *Id*. at 22. Detective Mattiche testified at the evidentiary hearing that he had

3

been able to understand the other person on the telephone and that he did not have any reason to believe that the other person had failed to understand him. *Id*. At the time and place that they agreed upon, Detective Mattiche observed a white car arrive. *Id*. at 23. The driver of the white car was Rodriguez Prado. *Id*. at 26.

The Court finds that the magistrate judge correctly found, based on the evidence that the United States presented at the evidentiary hearing, that the telephone calls occurred and that Rodriguez Prado was the person with whom Detective Mattiche spoke during both telephone calls. Thus, the Court will overrule Rodriguez Prado's first objection to the magistrate judge's report and recommendation.

Rodriguez Prado secondly objects to the magistrate judge's determination that he was under arrest when Detective Mattiche handcuffed him. Rodriguez Prado's Obj. 9–10, ECF No. 44. Rodriguez Prado asserts that the magistrate judge erred in applying case law discussing when a person is seized for Fourth Amendment purposes to conclude that he was under arrest when he was handcuffed. *Id*.

Terry stops and arrests are types of seizures. *See United States v. Richardson*, 949 F.2d 851, 856 (6th Cir. 1991). An arrest is a "deprivation of liberty under the authority of law." *Id*. at 856–57 (quoting *United States v. McCaleb*, 552 F.2d 717, 720 (6th Cir. 1977)). To determine whether a person is under arrest, courts ask whether "a reasonable person in the defendant's position have felt that he was under arrest or was otherwise deprived of his freedom of action in any significant way." *United States v. Knox*, 839 F.2d 285, 291 (6th Cir. 1988).

In this case, after Rodriguez Prado had arrived at the arranged location, Detective Mattiche asked him to get out of his car. Trial Tr. 27, ECF No. 38. Detective Mattiche then handcuffed Rodriguez Prado. *Id*. Detective Mattiche also testified at the evidentiary hearing that

4

Rodriguez Prado was not free to leave. *Id*. at 30. Based on this evidence, the Court finds that a reasonable person in Rodriguez Prado's position would have felt that he was under arrest or was otherwise deprived of his freedom of action in a significant way. Thus, the magistrate judge did not err in concluding that Rodriguez Prado was under arrest when Detective Mattiche handcuffed him as a matter of law, and the Court will overrule Rodriguez Prado's second objection to the magistrate judge's report and recommendation.

Rodriguez Prado thirdly objects to the magistrate judge's determination that he was lawfully arrested based on probable cause and that his laptop, which had been placed in the front seat of his car, was "plain view" evidence; Rodriguez Prado asserts that probable cause arose after he was arrested and that the laptop's incriminating character was not immediately apparent. Rodriguez Prado's Obj. 10–13, ECF No. 44. Turning to the issue of probable cause, probable cause arises when the facts and circumstances are "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). In determining whether an officer had probable cause to seize a person, the court must look to "what the officer knew at the time he made the stop." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993).

Here, Detective Mattiche testified that, before Rodriguez Prado's arrest, he found information about Rodriguez Prado's criminal history through "court.net." Trial Tr. 11–12, 43, ECF No. 38. Detective Mattiche later called a number that was said to be Rodriguez Prado's. *Id*. at 16. The person who answered the telephone calls identified himself as "Leo." *Id*. Because Rodriguez Prado's first name is Leonardo, Detective Mattiche reasonably believed that the person answering the telephone was Rodriguez Prado. *Id*. Detective Mattiche and the other person on the telephone call agreed that Detective Mattiche would purchase 200 credit card

5

numbers on a USB drive for $4,000.00. *Id*. at 16. Detective Mattiche then suggested that they meet and that the person bring his computer with him to ensure that the credit card numbers were on the USB drive. *Id*. at 17. At the time and place that they agreed upon, Detective Mattiche observed a white car arrive. *Id*. at 23. The driver was Rodriguez Prado. *Id*. at 26. A laptop had been placed on the front passenger's seat. *Id*. at 28. Under these circumstances, a reasonable person could believe that Rodriguez Prado had committed or was committing a crime when Detective Mattiche arrested him.

Regarding the laptop being plain view evidence and whether its criminal character was immediately apparent, Detective Mattiche asked during the first telephone call in which he posed as "Ahmed" that the other person bring his computer with him to ensure that the credit card numbers were on the USB drive. *Id*. at 17. When Rodriguez Prado arrived at the agreed-upon location in a white car, a laptop was on the front passenger's seat. *Id*. at 28. Thus, under the circumstances, the criminal character of the laptop was immediately apparent and the laptop meets the requirements for being plain view evidence. The Court will overrule Rodriguez Prado's third objection to the magistrate judge's report and recommendation.

Rodriguez Prado fourthly objects to the magistrate judge's finding that the officers' search of his car was permissible under the "automobile exception" to the requirement of probable cause. Rodriguez Prado's Obj. 13–14, ECF No. 44. Rodriguez Prado asserts that (1) there is insufficient proof in the record to find that the telephone calls actually occurred, (2) there is insufficient proof in the record that he spoke to Detective Mattiche, (3) the telephone calls were unreliable because the conversations were in English, (4) the laptop was not "plain view" evidence, and (5) the circumstances did not amount to probable cause to search the automobile. *Id*. at 14.

Having reviewed de novo the record before the magistrate judge, this Court concludes that there is sufficient proof in the record to find that the telephone calls occurred, that there is sufficient proof that Rodriguez Prado spoke to Detective Mattiche, that the telephone calls were not unreliable because the conversations were in English, and that the laptop was plain view evidence. Additionally, the seven factual findings listed by the magistrate judge, including the telephone calls, the identification of the driver of the white car, and the laptop in the front passenger seat of the car, demonstrate probable cause to search the automobile. The Court will overrule Rodriguez Prado's fourth objection to the magistrate judge's report and recommendation.

Rodriguez Prado fifthly and finally maintains that the magistrate judge erred in finding that the search of Rodriguez Prado's person was incident to a lawful arrest. Rodriguez Prado's Obj. 14–15, ECF No. 44. Rodriguez Prado "incorporates" his previous arguments "that the police did not arrest Rodriguez-Prado until after his person had been searched, and after the search of his car had begun" and thus "the search of [his] person was not made pursuant to a lawful arrest." *Id.* at 15. The Court has already addressed these arguments and found them unpersuasive. Accordingly, the Court will overrule Rodriguez Prado's fifth objection to the magistrate judge's report and recommendation.

IV.     The United States' Objections to the Magistrate Judge's Report and Recommendation

The United States makes two objections to the magistrate judge's report and recommendation. First, the United States' objects to the magistrate judge's conclusion that Rodriguez Prado did not consent to the officers' search of his person. United States' Obj. 1, ECF No. 49. The United States maintains that the evidence instead shows that Rodriguez Prado consented to the search of his person. *Id.* at 3–5.

The Court reviewed the body camera footage played at the evidentiary hearing and the transcript of the evidentiary hearing. The government is correct that the body camera footage does not show Rodriguez Prado repeatedly and emphatically refusing to consent to a search of his person, as the magistrate judge writes. But the footage also fails to show that Rodriguez Prado provided affirmative consent to search him and that he repeatedly refused consent to search his car. And while the back-and-forth nature of the conversation between Rodriguez Prado and Detective Mattiche suggests that Rodriguez Prado understood most of what Detective Mattiche said in English, Rodriguez Prado is a Cuban national whose primary language is Spanish. *See* Trial. Tr. 53, ECF No. 38. As shown by the body camera footage, Rodriguez Prado asked for a Spanish-speaking officer. Given this evidence, the Court concludes that the United States has failed to demonstrate that Rodriguez Prado consented to the search of his person.

Detective Mattiche testified at the evidentiary hearing that Rodriguez Prado consented to the search of his person while the other officer on the scene with the body footage camera walked away from the car. *Id*. at 71. Given the other evidence showing that Rodriguez Prado did not consent to other requests and the timing of the alleged consent, the Court is not persuaded that Rodriguez Prado consented to the search of his person based on Detective Mattiche's testimony.

Second, the United States objects to the magistrate judge's unclear determination that "Detective Mattiche lacks credibility." United States' Obj. 5, ECF No. 49. The magistrate judge writes, "[t]he Court does not credit Detective Mattiche's testimony that Rodriguez Prado verbally consented to the search." R. & R. 31, ECF No. 42. The Court does not interpret this sentence as discrediting Detective Mattiche; rather, this sentence conveys that the other evidence contradicts Detective Mattiche's assertion that Rodriguez Prado verbally consented to the search

8

of his person. Thus, the Court will overrule the United States' second objection to the magistrate judge's report and recommendation.

V.      Conclusion

The Court will overrule Rodriguez Prado's objections. The Court will overrule the United States' objections. The Court will adopt the magistrate judge's report and recommendation in its entirety. The Court will deny Rodriguez Prado's motion to suppress the statements he made to the officers and the evidence collected as a result of those statements. An order will be entered in accordance with this memorandum opinion.

July 18, 2017

**Charles R. Simpson III, Senior Judge
United States District Court**

9