UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.   CIVIL ACTION NO. 3:16-CR-00099-CRS

LEONARDO RODRIGUEZ PRADO
LISANDRA DIAZ GARCIA   DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on defendant Leonardo Rodriguez Prado's (hereinafter "Prado") motions to dismiss the second superseding indictment against him on the basis of double jeopardy and prosecutorial vindictiveness. ECF No. 83, 93. The United States has responded to both motions. ECF Nos. 88, 95. For the reasons stated below, these motions will be denied.

I.   Factual Background

On August 17, 2016, Prado was indicted in a four-count federal indictment for Wire Fraud and Aggravated Identity Theft. ECF No. 1. According to the indictment, Prado planted a skimmer on a gas pump at a gas station on U.S. Highway 42 in Prospect, Kentucky for the purpose of collecting customers' credit and debit card information. *Id.* at ¶ 6. A superseding indictment was filed on December 21, 2016, reincorporating the four counts listed in the original indictment and adding a count for Possession of Unauthorized and Counterfeit Access Devices. ECF No. 22.

1

In preparation for trial, the United States filed a motion in limine on August 11, 2017 seeking to admit two of Prado's prior state court convictions as evidence.[1] ECF No. 58. According to the United States, these prior convictions were admissible under Federal Rule of Evidence (FRE) 404(b)(2) to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Prado responded to this motion, arguing that evidence of his prior state court convictions was not probative and would be unfairly prejudicial. ECF No. 61. Then, on September 6, 2017—less than two weeks after Prado filed his response—the United States filed a second superseding indictment adding five counts for Aggravated Identity Theft based on the acts underlying Prado's state court convictions.

On December 5, 2017, Prado filed a motion to dismiss counts 4, 11, 12, 13, and 14 of the second superseding indictment as a violation of double jeopardy. Then, on January 4, 2018, Prado filed a motion to dismiss the entire second superseding indictment on the basis of prosecutorial vindictiveness.

## II. Legal Standard

Prado first claims that counts 4, 11, 12, 13, and 14 should be dismissed based on double jeopardy. The Double Jeopardy Clause of the Fifth Amendment states that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amend. V. "It protects against a second prosecution for the same offense after acquittal . . . [and] after conviction . . . and it protects against multiple punishments for the same offense." *Brown v.*

---

[1] In Jefferson County Criminal Case Number 14-CR-2978, Prado pleaded guilty to nine counts of Falsely Making/Embossing of a Credit/Debit Card and one count of Fraudulent Use of a Credit Card Under $500. Prado used a credit card re-encoded with another individual's credit card information to purchase items at O'Reiley's Auto Parts. In Jefferson County Criminal Case Number 15-CR-1074, Prado pleaded guilty to one count of Theft by Deception Over $500, one count of Receiving Goods and Property Obtained by Fraud Over $500, and three counts of Falsely Making/Embossing a Credit/Debit Card. Prado used credit cards re-encoded with other individuals' credit card information to purchase thousands of dollars of gift cards. He subsequently used these gift cards to purchase two vehicles.

*Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)).

The Dual Sovereignty Doctrine clarifies that "the [D]ouble [J]eopardy [C]lause 'does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense.'" *U.S. v. Louisville Edible Oil Products, Inc.*, 926 F.2d 584, 587 (6th Cir. 1991) (citation omitted). Thus, it is permissible for the federal government to prosecute a defendant for the same crime that was previously prosecuted by the state government, or vice versa.

Prado next claims that the second superseding indictment should be dismissed in its entirety based on the theory of prosecutorial vindictiveness. Although prosecutors have broad discretion, the Due Process Clause "prohibits the prosecution from punishing a defendant for exercising a protected statutory or constitutional right. *U.S. v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013). There are two ways a defendant may obtain a dismissal of an indictment on the grounds of prosecutorial vindictiveness. The defendant may show 'actual vindictiveness' through "objective evidence that the prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). Alternatively, the defendant may show that "in the particular factual scenario presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's action." *Id.* A 'realistic likelihood of vindictiveness' is presumed when "(1) the prosecutor has some stake in deterring the defendant's exercise of his rights, and (2) the prosecutor's conduct was somehow unreasonable." *LaDeau*, 734 F.3d at 566-67 (internal citation omitted). If a defendant demonstrates a 'realistic likelihood of vindictiveness,' the burden then shifts to the government to rebut this presumption. *Id.*

III.   Discussion

A. Motion to Dismiss on Double Jeopardy Grounds

Prado's first motion argues that counts 4, 11, 12, 13, and 14 of the second superseding indictment should be dismissed as a violation of double jeopardy. Prado acknowledges that the Dual Sovereignty Doctrine allows for state and federal prosecution of the same offense. However, Prado contends that the United States' decision to re-prosecute him for the offenses underlying his state court convictions thwarts the aims of the Fifth Amendment. Specifically, Prado contends that this is a 'sham prosecution' meant to punish Prado for exercising his right to go to trial.

In *Bartkus v. Illinois*, 359 U.S. 121, 123, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the Supreme Court suggested that there may be an exception to the Dual Sovereignty Doctrine when one sovereign acts "merely [as] a tool of [the other sovereign,] thereby avoid[ing] the [Double Jeopardy Clause] of the Fifth Amendment . . ." This exception—known as the 'sham prosecution' exception or the *Bartkus* exception—has been construed extremely narrowly by the lower courts. It requires more than merely showing "cooperation between the two sovereigns." *U.S. v. Djoumessi*, 538 F.3d 547, 550 (6th Cir. 2008). Rather, it must be shown that one sovereign "ced[ed] its authority to prosecute and act[ed] only because the [other sovereign] told it to do so." *Id.*; *See also U.S. v. Clark*, 254 Fed. Appx. 528, 533 (6th Cir. 2007) (refusing to recognize an exception to the Dual Sovereignty Doctrine because "[n]othing in the record suggest[ed] that [state] authorities did not make their own determinations regarding the prosecution . . ."). The Sixth Circuit has gone so far as to question whether this exception "is just narrow or whether it is indeed real." *U.S. v. Djoumessi*, 538 F.3d at 550.

Prado has failed to demonstrate that the addition of these counts in the second superseding indictment amounts to a 'sham prosecution.' There is simply no evidence that the Commonwealth of Kentucky directed the United States to re-prosecute Prado for the offenses. Absent this, the United States is permitted to successively prosecute Prado under the Dual Sovereignty Doctrine. The addition of counts 4, 11, 12, 13, and 14 in the second superseding indictment does not violate double jeopardy.

B. <u>Motion to Dismiss Based on Prosecutorial Vindictiveness</u>

Prado next contends that the second superseding indictment should be dismissed in its entirety for prosecutorial vindictiveness. Specifically, he argues that the circumstances surrounding the United States' filing of the second superseding indictment demonstrate a 'realistic likelihood of vindictiveness.' Prado claims that the United States has a stake in preventing the 404(b) material from being omitted from the trial, and in deterring him from exercising his right to trial. Further, he claims that the United States acted unreasonably in filing the second superseding indictment, evidenced by the fact that doing so violates the 'Petite Policy' of the U.S. Attorney's Manual.

Prado has failed to demonstrate a 'realistic likelihood of vindictiveness.' The United States does not have a stake in deterring Prado's exercise of his statutory or constitutional rights. It is well established that the addition of new charges to deter a defendant from going to trial is an insufficient basis for a vindictive prosecution claim. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *U.S. v. Goodwin*, 457 U.S. 380 (1982); *U.S. v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002). Moreover, courts have generally held that prosecutors do not have a stake in limiting "garden-variety pretrial motions." *U.S. v. Suarez*, 263 F.3d 468 (6th Cir. 2001) (holding that the defendant's motions to suppress and to dismiss posed only a minimal burden on the prosecution);

5

*U.S. v. Rosse*, 2017 WL 5625719 (6th Cir. 2017) (holding that the defendant's motions contesting detention and alleging speedy trial violations imposed only a minimal burden on the prosecution). In the present case, the United States filed a motion in limine to include Prado's prior state court convictions as evidence under 404(b). Thus, the United States almost certainly would have *expected* Prado to file a response in opposition. The United States did not have a sufficient stake in deterring Prado's exercise of his statutory or constitutional rights.

Even assuming that the United States does have a stake in deterring Prado's exercise of his rights, Prado has failed to demonstrate that filing the second superseding indictment was unreasonable. Prado points to the "Petite Policy" from the U.S. Attorney's Manual, which states:

> This policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unvindicated; and, third, applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense. U.S. Attorney's Manual, 9-2.031 – Dual and Successive Prosecution Policy ("Petite Policy"), accessed at <https://www.justice.gov/usam/usam-9-2000-authority-us-attorney-criminal-division-mattersprior-approvals#9-2.031>.

Although Prado admits that this policy does not confer any rights upon him, he states that it provides clear evidence that the United States acted unreasonably in filing the second superseding indictment.

Although United States Attorney's Offices have a general policy of abstaining from successive prosecutions, the circumstances of this case fall squarely within the exception of the 'Petite Policy.' First, there is a substantial federal interest in punishing credit card fraud and identity theft. Second, Prado's prior state court prosecutions left that interest substantially unvindicated. As the United States notes, Prado's five year sentence was diverted and he was placed on supervised probation. While he was on probation, Prado allegedly committed the

crimes which were the basis for the original indictment in this case. Third, Prado's conduct underlying his state court convictions constitutes a federal offense – Aggravated Identity Theft. Therefore, the United States did not act unreasonably in re-prosecuting Prado for these offenses. Prado has failed to demonstrate that the United States' filing of the second superseding indictment amounted to vindictive prosecution.

IV. Conclusion

For the foregoing reasons, Prado's motions to dismiss the second superseding indictment based on double jeopardy and prosecutorial vindictiveness will be denied. An order will be entered in accordance with this memorandum.

January 31, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**