UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                        Plaintiff

v.                                                           Criminal Action No. 3:16-cr-00099-RGJ-01

LEONARDO RODRIQUEZ PRADO                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Leonardo Rodriquez Prado's Unified Motion to Suppress Searches and Statements from Prior State Cases (the "Motion to Suppress"). [DE 92]. The United States of America filed a response to the Motion to Suppress (the "Response"), [DE 97], and United States Magistrate Judge Colin H. Lindsay issued a Findings of Fact, Conclusions of Law and Recommendation (the "R&R"), recommending that the Motion to Suppress be denied. [DE 112]. Mr. Prado filed objections to the R&R (the "Objections"). [DE 113]. This matter is now ripe for adjudication. For the reasons set forth below, the Court will **GRANT in part** and **OVERRULE in part** Defendant's Objections.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On July 23, 2014, Louisville Metro Police Department ("LMPD") officers arrived at the home of Mr. Prado and his girlfriend, Lisandra Diaz Garcia. Both Mr. Prado and Ms. Garcia were present. Ms. Garcia signed a "Consentimiento de Búsqueda" form (translated into English, "consent to search"). [DE 97-2]. Mr. Prado, despite being present, did not sign the "Consentimiento de Búsqueda" form. [*Id.*; DE 112 at 668–69]. After Ms. Garcia's written consent was obtained, a search of the home was conducted. [DE 112 at 668–69].

Mr. Prado was arrested and interviewed at the police station. [*Id*. at 669; DE 115, Apr. 30, 2018 Tr., 698:9–10,]. At the beginning of the interview, Detective McConnell, who was lead on the interview, asked LMPD Officer Ruben Cardosa to tell Mr. Prado his *Miranda* rights. The conversation, which is transcribed and translated, went as follows:

| Speaker | Transcriptions | Translation |
| --- | --- | --- |
| Detective McConnell | *And the time is twelve forty-three PM. Okay, explain to him, before we talk to him, he, he, he is under arrest, and we need to read him his rights.* | *And the time is twelve forty-three PM. Okay, explain to him, before we talk to him, he, he, he is under arrest, and we need to read him his rights.* |
| Officer Cardosa | *Okay*, tú estás arrestado. Tengo que decirte algo que, que si tú quieres hablar, [Indica al papel en la mesa: Esto que va ser es aquí]. Si tú quieres hablar, puedes hablar. Si no quieres hablar—Si tú quieres un abogado, está bien, pero si tú no puedes pa pagar un abogado, te, te pagan un abogado. *Okay, now...* | *Okay*, you are under arrest. I have to tell you something that, that if you want to talk, [Indicates to the paper on the table: This here is going to be here.] If you want to talk, you can talk. If you don't want to talk—If you want an attorney, that's fine, but if you can't pay for an attorney, they will pay for one for you. *Okay, now...* |
| Detective McConnell | *Do, do you want me to start reading the rights, and you can...* | *Do, do you want me to start reading the rights, and you can...* |
| Officer Cardosa | *I'ma read half way through them. I just need the last part.* | *I'ma read half way through them. I just need the last part.* |
| Detective McConnell | *Okay.* | *Okay.* |
| Officer Cardosa | Y si tú dices algo, y te van a, te van a poner en un, en un, un, un *tape*. Porque tú vas hablar de, lo que hay que recordar. | And if you say something, and they are going to, they are going to put you on a, on a, a, a *tape*. Because you are going to talk about what needs to be recorded. |
| Mr. Prado | Bueno. | Okay. |
| Officer Cardosa | Y… | And… |
| Detective McConnell | *You have the right to remain silent.* | *You have the right to remain silent.* |
| Officer Cardosa | *Yeah.* | *Yeah.* |

2

| | | |
|---|---|---|
| Detective McConnell | *The right to an attorney.* | *The right to an attorney.* |
| Officer Cardosa | *Yep.* | *Yep.* |
| Detective McConnell | *If you can't afford and attorney…* | *If you can't afford and attorney…* |
| Officer Cardosa | *Yeah, I already covered that* | *Yeah, I already covered that* |
| Detective McConnell | *…one will be appointed to you.* | *…one will be appointed to you.* |
| Officer Cardosa | *Yeah, I already covered that too. And uhm… What's left?* | *Yeah, I already covered that too. And uhm… What's left?* |
| Detective McConnell | *Here, let's see. You've got the right to remain silent.* | *Here, let's see. You've got the right to remain silent.* |
| Officer Cardosa | *Yeah.* | *Yeah.* |
| Detective McConnell | *Anything you say, can be used against you in a court of law.* | *Anything you say, can be used against you in a court of law.* |
| Officer Cardosa | Si tú… | If you… |
| Detective McConnell | *You have the right to an attorney. If you can't afford an attorney, one will be appointed to you.* | *You have the right to an attorney. If you can't afford an attorney, one will be appointed to you.* |
| Officer Cardosa | *I did that.* Si tú dices algo, le puedes ayudar a la corte, porque todo que vas a decir, pero si tú quieres terminar, ah, terminados. | *I did that.* If you say something, you can help the court, because of everything you are going to say, but if you want to finish, uh, we will finish. |
| Detective McConnell | *Y-you did cover, "Anything you say can be used against you,"?* | *Y-you did cover, "Anything you say can be used against you,"?* |
| Officer Cardosa | *Yeah.* | *Yeah.* |
| Detective McConnell | *Okay. And that's basically what this form says, and if you agree to waive those rights… Ask him, are you willing to talk to…* | *Okay. And that's basically what this form says, and if you agree to waive those rights… Ask him, are you willing to talk to…* |
| Officer Cardosa | Pues, ¿tú quieres hablar, o tú quieres un, un abogado? | So, do you want to talk, or do you want an attorney? |
| Mr. Prado | Las dos cosas. [Ríe entre dientes] | Both things. [Chuckles] |
| Officer Cardosa | ¿Quieres hablar con el con el, con él? | Do you want to talk to the, to the, to him? |
| Mr. Prado | Sí, lo que pregnte, yo se lo respond. | Yes, whatever he asks, I will answer. |
| Officer Cardosa | *He says he's fine, talking to you.* | *He says he's fine, talking to you.* |

[DE 97-5, July 23, 2014 Tr., 503:15-505:44]. As part of the above conversation with Mr. Prado, Officer Cardosa asked Mr. Prado, in Spanish, "[s]o do you want to talk, or do you want an attorney?" [DE 97-5, July 23, 2014 Tr., 505:40]. Mr. Prado replied, "both things." [*Id.* at 505:41]. Mr. Prado's response, however, was delivered in Spanish, and his response was not translated to Detective McConnell. [*Id.* at 505:41; DE 113 at 686]. Officer Cardosa then asked Mr. Prado whether Mr. Prado wanted to talk "to him," using his hand to indicate Detective McConnell. [DE 97-5, July 23, 2014 Tr., 505:42; DE 112 at 673]. Mr. Prado replied in Spanish: "[y]es, whatever he asks, I will answer." [DE 97-5, July 23, 2014 Tr., 505:43]. Detective McConnell was then told by Officer Cardosa that Mr. Prado was fine talking with him. Mr. Prado was then given a Spanish-language waiver of rights form. [DE 112 at 673–74]. Mr. Prado initialed each of an enumerated list of rights and signed the form, after which the interview began. [DE 97-4 at 499; DE 97-5, July 23, 2014 Tr., 505:49–508:98].

On December 29, 2014, Mr. Prado's vehicle was searched during a traffic stop. [DE 74 at 398]. Both Mr. Prado and Ms. Garcia were in the vehicle at the time of the stop. [DE 112 at 669]. Ms. Garcia signed a "consent to search" form per this vehicle search. [DE 97 at 492]. The next day, December 30, 2014, Mr. Prado was interviewed and made further statements to LMPD officers. [DE 97-8, Dec. 30, 2014 Tr., 494:2, 585:283].

On August 17, 2016, Mr. Prado was indicted on several counts of wire fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1343, and 1028A((a)(1). [DE 1]. On December 21, 2017, Mr. Prado moved this Court to suppress the evidence from the search of his home, the July 23, 2014 police interview, the December 29, 2014 search of his vehicle, and the December 30, 2014 interview. [DE 92]. On January 24, 2018, the United States filed a Response to that Motion (the "Response") that included several attached exhibits. [DE 97]. Mr. Prado did not file a reply.

This Court referred the matter to Magistrate Judge Lindsay, who heard arguments from Mr. Prado and the United States at an April 30, 2018 hearing. Magistrate Judge Lindsay denied Mr. Prado's request for an evidentiary hearing for failure to make an initial showing of contested facts. [DE 109]. Additionally, at that hearing, the United States indicated that it would not seek to introduce any evidence from the December 30, 2014 interview. [DE 115, Tr., Apr. 30, 2018 708:13–18]. Pursuant to permission granted by Magistrate Judge Lindsay, Mr. Prado submitted a supplemental brief in support of his Motion to Suppress (the "Supplement"). [DE 110; DE 115, Apr. 30, 2018 Tr., 722:19–21]. On June 15, 2018, Magistrate Judge Lindsay submitted an R&R recommending that the Motion to Suppress be denied as to evidence procured from the July 23, 2014 search of the house, the July 23, 2014 interview, and the December 29, 2014 search of the vehicle.[1] [DE 112]. On June 27, 2018, Mr. Prado timely filed objections to the R&R. [DE 113].

## II. OBJECTIONS

Mr. Prado raises three objections to the R&R. First, Mr. Prado objects to Magistrate Judge Lindsay's factual finding that the stop of Mr. Prado's vehicle was precipitated by a traffic offense. [DE 113 at 682–83]. Second, Mr. Prado objects to Magistrate Judge Lindsay's decision not to hold an evidentiary hearing concerning the lawfulness of the July 23, 2014 search of Mr. Prado's home. [*Id.* at 684–86]. Finally, Mr. Prado objects to Magistrate Judge Lindsay's conclusion that the July 23, 2014 interview did not violate Mr. Prado's *Miranda* rights. [*Id.* at 686].

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and

---

[1] The R&R also recommended that the Motion to Suppress be denied without prejudice as moot as to the evidence from the December 30, 2014 interview. [*Id.*] As there are no objections to this portion of the R&R, this Court does not review this recommendation and accepts it without modification.

recommendation. "The magistrate judge must promptly conduct the required proceedings [and] enter on the record a recommendation for disposing of the matter, including any proposed finding of fact." Fed. R. Crim. P. 59(b)(1). This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed *Thomas v. Arn,* 474 U.S. 140, 150, 155 (1985).

**B.    Mr. Prado's Objection To The Finding Of Fact That The Stop Of Mr. Prado's Vehicle Was Precipitated By A Traffic Offense.**

Mr. Prado's first objection concerns the R&R's factual finding that the traffic stop leading to the December 29, 2014 search of his vehicle was precipitated by a traffic offense. [DE 113 at 1-2]. Mr. Prado asserts that the only evidence in the record concerning the alleged traffic offense is an after-the-fact investigative report prepared by an officer who was not present during the traffic stop. *Id*. at 2. Mr. Prado objects to the Court's consideration of this investigative report on the grounds that it is "after the fact hearsay."

"[T]he same rules of evidence governing criminal jury trials are not generally thought to govern [suppression] hearings." *United States v. Matlock*, 415 U.S. 164, 173 (1974). Specifically, there is "no automatic rule against the reception of hearsay evidence" in suppression hearings. *Id.* at 175. Therefore, the Magistrate did not err in considering this evidence.

Additionally, Mr. Prado did not argue that the evidence from the search of Mr. Prado's vehicle should be suppressed because the traffic stop was illegal. Instead, Mr. Prado's arguments focused on the sufficiency of the consent to search given by Ms. Garcia after the traffic stop was

made. As a result, this factual issue is not material to Mr. Prado's arguments in his Motion to Suppress and his objection to the Findings of Fact is OVERRULED.

    **C.    Mr. Prado's Objection To The Magistrate Judge's Decision To Not Hold An Evidentiary Hearing.**

Mr. Prado next objects to Magistrate Judge Lindsay's decision not to hold an evidentiary hearing concerning the lawfulness of the July 23, 2014 search of Mr. Prado's home. The defendant has the burden of showing that an evidentiary hearing is necessary when the defendant seeks to suppress evidence. *See, e.g.*, *United States v. Giacalone*, 853 F.2d 470, 482–83 (6th Cir. 1988). "An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question." *United States v. Abboud,* 438 F.3d 554, 577 (6th Cir. 2006) (citation and internal quotation marks omitted); *Giacalone*, 853 F.2d at 483 ("[A] defendant must make at least some initial showing of contested facts to be entitled to such a hearing."). Moreover, "a district court can forgo conducting an evidentiary hearing if sufficient content remains to support a finding of [legality] after the contested items are set aside." *United States v. Thompson*, 16 F. App'x 340, 344 (6th Cir. 2001) (citations omitted).

Additionally, "[a] defendant is not entitled to an evidentiary hearing where his arguments are 'entirely legal in nature.'" *United States v. Knowledge,* 418 F. App'x 405, 408 (6th Cir. 2011) (quoting *Abboud,* 438 F.3d at 577). Challenges to legal conclusions are questions of law. *See, e.g., United States v. Lawhorn*, 467 F. App'x 493, 495 (6th Cir. 2012) ("Challenges to the existence of probable cause, including the issue of staleness, are questions of law.") (citing *Knowledge*, 418 F. App'x at 408; *Abboud*, 438 F.3d at 577).

Whether or not an evidentiary hearing is necessary, "[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by

7

the challenged search or seizure." *United States v. Richards*, 659 F.3d 527, 536 (6th Cir. 2011) (quoting *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978)). Because searches are presumptively unreasonable when conducted without a warrant, "[t]he Government has the burden of proof to justify a warrantless search." *United States v. Haynes*, 301 F.3d 669, 677 (6th Cir. 2002) (citing *United States v. Pollard*, 215 F.3d 643, 648 (6th Cir. 2000)); *see also United States v. Lucas*, 640 F.3d 168, 174 (6th Cir. 2011). One way in which the Government can meet that burden is by showing that consent to perform the search was "freely and voluntarily" given. *Harris v. Klare*, 902 F.3d 630, 635 (6th Cir. 2018) ("A search is per se reasonable . . . if the subject of that search freely and voluntarily gives consent to the search.").

Mr. Prado argues that two alleged issues of disputed facts require an evidentiary hearing. First, whether Ms. Garcia's signing of the "Consentimiento de Búsqueda" form was a valid consent to the search. [DE 113 at 685–86]. Second, whether Mr. Prado consented to the search. [*Id.* at 685].

> *1.  An evidentiary hearing is unnecessary to determine whether Ms. Garcia validly consented to the July 23, 2014 search.*

Mr. Prado did not move to suppress based on Ms. Garcia's consent. Instead, he specifically recognized the Government's position that "[t]he search of Mr. Prado's residence on July 23, 2014 was reported to be a consent search with consent from Mr. Prado's co-tenant, Ms. Diaz [Garcia]," but did not question the validity of that consent in his original Motion to Suppress. [DE 92 at 457–58]. Mr. Prado first raised the issue of the validity of Ms. Garcia's consent to the July 23, 2014 search at the April 30, 2018 hearing before Magistrate Judge Lindsay. [DE 115, Apr. 30, 2018 Tr., 698:3–7, 711:2–10]. However, Mr. Prado did not provide any facts probative of that issue. [*Id.*] Counsel for Mr. Prado merely asserted that the government had "the burden . . . of establishing . . . knowing and voluntary consent from [Ms. Garcia]." [DE 115, Apr. 30, 2018 Tr.,

8

698:3–5]. Magistrate Judge Lindsay then determined that an evidentiary hearing was unnecessary because there were no material facts in dispute and permitted further briefing "to allow counsel to make legal arguments on the motion to suppress." [*Id.* at 717:13-19].

On May 11, 2018, Mr. Prado filed his Supplement, raising for the first time facts probative of Ms. Garcia's consent to the July 23, 2014 search. [DE 110]. Specifically, Mr. Prado asserted that: (1) the "list of items seized during the search lists the search as having occurred at 0935, twelve minutes before the consent was signed;" (2) immediately prior to a 2016 consent-search of Ms. Garcia's residence, officers used a "heavy-handed coercive approach" in convincing Ms. Garcia to consent to that search; and (3) during the 2016 search, Ms. Garcia "told the officer that she wanted a paper to sign because *last time they searched the house* they lied about everything." [*Id.* at 661–62].

The burden to show that an evidentiary hearing is required to adjudicate that issue lay with Mr. Prado. *Giacalone*, 853 F.2d at 482–3. Because Mr. Prado did not present any contested facts during or before the April 30, 2018 hearing, Magistrate Judge Lindsay determined that an evidentiary hearing was unwarranted. *Abboud,* 438 F.3d at 577.

The Magistrate Judge's refusal to consider the facts first raised in the Supplement was also correct. Issues first raised in reply briefs are generally waived. Specifically:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (alteration in original) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). This prohibition against raising new arguments in a reply brief extends to supplemental briefs, particularly those filed after

a hearing. *See Yonemoto v. McDonald*, Civil No. 11–00533 JMS/RLP, 2015 WL 1863033, at *3 (D. Haw. Apr. 22, 2015) (noting that an "attempt to submit additional briefing to correct deficiencies in . . . arguments pointed out during the [earlier] hearing not only prejudices [the opposing party], but also confuses the issues presented to the court and delays efficient adjudication of this action").

Here, the April 30, 2018 hearing was held to determine whether an evidentiary hearing was needed. [DE 115, Apr. 30, 2018 Tr., 696:23–697:12]. At that hearing, Magistrate Judge Lindsay determined that an evidentiary hearing was unnecessary and permitted the parties to file supplemental briefs addressing the *legal* arguments surrounding suppression, not to relitigate whether an evidentiary hearing was warranted. [*Id.* at 717:1–22]. Accordingly, Mr. Prado waived consideration of those issues of contested facts raised after his Motion to Suppress and the hearing to determine whether an evidentiary hearing was warranted. *Scottsdale Ins. Co.*, 513 F.3d at 553. For these reasons, Mr. Prado's Objection is OVERRULED. If appropriate, Mr. Prado may move this Court for leave to file a second motion to suppress pursuant to Fed. R. Crim. Pro. 12(c)(3). *See United States v. Walden*, 625 F.3d 961, 964–66 (6th Cir. 2010).

    2.    *An evidentiary hearing is unnecessary to determine whether Mr. Prado consented to the July 23, 2014 search.*

In his Motion to Suppress, Mr. Prado asserts that "the United States must show that Mr. Prado understood that a search of his residence was being requested and that he was given a fair opportunity to object," and that because he "is from Cuba and has some difficulty with English, his understanding of the situation and of his right to object to the search are suspect." [DE 92 at 457–58]. However, when one resident of a domicile consents to a search of that domicile, the search is legal unless another resident objects—officers need not obtain the affirmative consent of other residents. *Georgia v. Randolph*, 547 U.S. 103, 122–23 (2006) (holding that "if a potential

defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out").

Here, because Ms. Garcia consented to a search of the residence, it is immaterial whether Mr. Prado's consent was obtained or whether he knew that he had the right to object to a search. Because those facts are immaterial to determining whether the search was legal, Magistrate Judge Lindsay correctly denied Mr. Prado an evidentiary hearing concerning whether he consented to the search. *See Thompson*, 16 F. App'x at 344. For these reasons, Mr. Prado's Objection is OVERRULED.

### D. Mr. Prado's Objection To The Conclusion That The July 23, 2014 Interview Of Mr. Prado Did Not Violate His *Miranda* Rights.

Finally, Mr. Prado objects to the Magistrate Judge's conclusion that he validly waived his right to an attorney at the July 23, 2014 interview. [DE 113 at 686]. Mr. Prado first asserts that his response—"both things"—when asked whether he would like to speak with officers or speak with an attorney, invoked his *Miranda* rights. [*Id.*] Second, Mr. Prado argues that he did not waive his *Miranda* rights knowingly, as the Spanish-language waiver that he signed did not include certain language included in the English-language version commonly used by LMPD. [*Id.*]

It is well-settled that "incriminating statements elicited from suspects in custody cannot be admitted at trial unless the suspect was first advised of his or her *Miranda* rights." *United States v. Salvo*, 133 F.3d 943, 948 (6th Cir. 1998) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)). The Government has the burden of proving that a defendant validly waived his *Miranda* rights. *See Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000). *Miranda* waivers are only valid if they are voluntary, knowing, and intelligent, under the totality of the circumstances. *See Moran*

*v. Burbine*, 475 U.S. 412, 423–24 (1986); *Machacek v. Hofbauer*, 213 F.3d 947, 954 (6th Cir. 2000) (citing *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990)).

Because the "*Miranda* warnings are not themselves rights protected by the Constitution but [are] instead measures to ensure that the right against compulsory self-incrimination [is] protected," a waiver of *Miranda* rights is knowingly made so long as "the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*." *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (alterations in original) (citations omitted). Even when a suspect waives his *Miranda* rights, if "the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Michigan v. Mosley*, 423 U.S. 96, 100 (1975) (quoting *Miranda v. Arizona*, 384 U.S. 436, 473–74 (1966)).

To invoke his right to counsel, a suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *United States v. Scott*, 693 F.3d 715, 719 (6th Cir. 2012) (quoting *Tolliver v. Sheets*, 594 F.3d 900, 922 (6th Cir. 2010)). And a suspect's invocation of his *Miranda* rights must be unequivocal, for "[i]f an accused makes a statement concerning the right to counsel 'that is ambiguous or equivocal' or makes no statement, the police are not required to end the interrogation, or ask questions to clarify whether the accused wants to invoke his or her *Miranda* rights." *Id*. at 718 (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010)). And "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, [Supreme Court] precedents do not require the cessation of questioning." *Davis v. United States*, 512 U.S. 452, 459–62 (1994). For instance, the United States Supreme

Court has held that a suspect's statement "[m]aybe I should talk to a lawyer" was not sufficiently clear to be a request for counsel. *Davis v. United States*, 512 U.S. 452, 462 (1994).

Here, the issue is whether a reasonable police officer would understand that Mr. Prado asserted his right to counsel. A review of the video and transcript shows[2] that before signing the waiver of rights form, Mr. Prado was asked, in Spanish, "do you want to talk, or do you want an attorney?" [DE 97-5, July 23, 2014 Tr., 505:40]. He replied, in Spanish, "both things" and chuckled. [*Id.* at 505:41]. The translator then asked, in Spanish, whether Mr. Prado would like to speak with the lead detective and Mr. Prado responded, in Spanish, "[y]es, whatever he asks, I will answer." [*Id.* at 505:43]. The translator then told Detective McConnell that "[h]e says he's fine, talking to you." [*Id.* at 505:44]. Mr. Prado argues that when viewed considering "the language barrier and the Cuban heritage of Mr. Prado," this conversation shows that his waiver of the right to have an attorney present was not knowing, voluntary, and intelligent. [DE 113 at 686]. The Court agrees.

Mr. Prado's statement that he would like "both things" is unequivocal. Understood literally, Mr. Prado states that he wants both to talk and to have counsel. Because Mr. Prado's statement "both things" was unequivocal, the interrogation should have ceased, and the Court need not focus on Mr. Prado's later statement "[y]es, whatever he asks, I will answer," although the Court neither considers the subsequent statement ambiguous, nor contradictory to his request for counsel. *Smith v. Illinois*, 469 U.S. 91, 96-99 (1984) (holding that where suspect's first statement in response to a question asking whether he wanted a lawyer, "Uh yeah. I'd like to do that," was unequivocal request for counsel, a subsequent statement could not be considered).

---

[2] A review of the video and transcript of the exchange also reveals that Officer Cardosa neither accurately translates the conversation between himself and Mr. Prado to Detective McConnell, nor does he adequately apprise Mr. Prado of his *Miranda* rights.

Having found Mr. Prado clearly asserted his right to counsel, the next issue is whether he waived the right by signing the Spanish version of the waiver form. Once an accused invokes his right to counsel, his responses to further questioning may only be admitted upon a finding that he "(a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked." *Smith*, 469 U.S. at 95, (citing *Edwards v. Arizona,* 451 U.S. 477, 485, 486 n.9 (1981)). Here, after Mr. Prado requested counsel, the video and transcript show that Officer Cardosa did not inform the other detective that Mr. Prado had requested counsel and simply continued the dialogue. Thus, the Court does not find that Mr. Prado initiated further discussions with the police after requesting counsel.

Even if Mr. Prado had requested the police continue talking, which he did not, the Court does not find that Mr. Prado knowingly and intelligently waived the right he had invoked by signing the waiver form. The Spanish version[3] of the waiver formed signed by Mr. Prado did not contain the phrase included in the English version[4] — "I do not want an attorney at this time." This phrase is in the English-language version but inexplicably not the Spanish-language version. [DE 113 at 686]. While the absence of that phrase alone is not determinative, examining the

---

[3] The Spanish-language version contains two sections. Translated into English, the first is captioned "Before we ask you any questions, you must understand your rights," and contains a list of five numbered rights possessed by the suspect, worded almost identically to the English-language version.[3] [DE 97-4 at 501]. The second section, translated into English, is captioned "Waiver of Rights" and reads:

> I have read this statement, or it has been read to me, and I understand what my rights are. I am willing to make a statement and answer questions. I understand and know what I am doing. No promises have been made, or threats made against me and no pressure or coercion of any kind has been used against me.

[*Id.*]

[4] The English-language version of the waiver form contains two sections. [DE 92-2 at 463]. The first section is captioned "Before we ask you any questions, you must understand your rights," and contains a list of five numbered rights possessed by the suspect.[4] [*Id.*] The second section is captioned "WAIVER OF RIGHTS" and reads:

> I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. **I do not want a lawyer at this time**. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

[*Id.*] (emphasis added).

14

totality of the circumstances, including the speed at which the conversations took place, the lack of accurate translation, and Mr. Prado's invocation of his right to counsel, the Court does not find that Mr. Prado knowingly and intelligently waived his right to counsel when he signed the waiver. Moreover, without that phrase, his signing of the waiver is not contradictory to his request for counsel.  For these reasons, Mr. Prado's third Objection is GRANTED.

### III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge, [DE 112], is **accepted in part and modified in part** as set forth herein;

(2) Defendant's Objections, [DE 113], are **granted in part** and **overruled in part** as set forth herein;

(3) Defendant's Motion to Suppress, [DE 92], is **granted in part** and **denied in part** as set forth herein and evidence garnered as a result of the July 23, 2014 interview of Mr. Prado is suppressed;

(4) The time period from June 28, 2018 through the date of this Order, is deemed excludable time pursuant to Title 18, United States Code § 3161(h)(1), *see also United States v. Polan*, 970 F.2d 1280, 1285 (3d Cir. 1992);

(5) This trial of this matter will be scheduled by separate Order.