UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              Plaintiff

v.                                                           Criminal Action No. 3:16-CR-99-RJG-01

LEONARDO RODRIQUEZ PRADO                                                          Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Leonardo Rodriquez Prado's Motion to Dismiss for Speedy Trial Violations (the "Motion to Dismiss") which was filed on September 14, 2018. [DE 114]. The United States filed a Response in opposition on September 28, 2018. [DE 117]. Mr. Prado filed a Reply on October 5, 2018. [DE 118]. This matter is now ripe for adjudication. For the reasons set forth below, the Court will DENY Defendant's Motion to Dismiss.

**I.      Background**

On August 17, 2016, Mr. Prado was indicted in the Western District of Kentucky. [DE 1]. The Indictment charged Mr. Prado with one count of Wire Fraud and three counts of Aggravated Identity Theft. [DE 1 at 1–3]. He was arraigned on September 19, 2016. [DE 16]. On December 21, 2016, a superseding indictment was issued, adding a fifth count: Possession of Unauthorized and Counterfeit Access Devices. [DE 22 at 46–49]. On September 6, 2017, a second superseding indictment was issued. [DE 62]. The Second Superseding Indictment charged Mr. Prado with one count of Wire Fraud, one count of Possession of Access Devices, and seven counts of Aggravated Identity Theft. [*Id.* at 350–56]. Additionally, the Second Superseding Indictment joined Ms. Diaz Garcia as a co-defendant, and jointly charged them with one count of Bank Fraud, four counts of

1

Aggravated Identity Theft, and three counts of Money Laundering. [*Id.*]. Mr. Prado was arraigned on September 29, 2017. [DE 70]. Ms. Diaz Garcia was arraigned on November 30, 2017. [DE 79].

Mr. Prado filed the present Motion to Dismiss on September 14, 2018, asserting that more than seventy days had passed since his arraignment. [DE 114]. The United States filed a Response in opposition to that motion on September 28, 2018, asserting that once the excludable periods were properly calculated, there was no Speedy Trial Act violation. [DE 117 at 730–37]. Mr. Prado then filed a Reply on October 5, 2018, objecting to certain of the periods the United States considered excludable and alleging that the prosecutor was being "vindictive by ordering an irrelevant transcript and arguing that the Speedy Trial did not run until he ordered that transcript." [DE 118 at 750–51].

## II. Discussion

The Speedy Trial Act (the "Act"), 18 U.S.C. § 3161, "requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or the date he first appears in court, whichever date last occurs." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996) (citing *United States v. Mentz*, 840 F.2d 315, 324–26 (6th Cir. 1988)). The seventy-day period is not unqualified. The Act authorizes periods of time which are excludable, either as expressly stated in the Act or by a finding of the trial court that the interests of justice warrant such exclusion. *United States v. Morata*, No. 3:14CR-82-CRS, 2016 WL 4535664, at *1 (W.D. Ky. Aug. 30, 2016). Excludable delays permit the extension of the seventy-day "try by" period, but such extensions are not without limitation. *Id.*

A defendant moving for dismissal has the burden of providing a *prima facie* case that the Act had been violated, which merely requires a simple showing that more than seventy days have

2

passed since the indictment or first appearance and trial has not yet begun. *Id*. If the defendant does so, the burden then shifts to the government, which must prove beyond a preponderance of the evidence that once excludable time is factored in, the seventy-day period has not passed. *Id*. (citing *Mentz*, 840 F.2d at 326).

The Act provides that several periods are to be excluded when determining whether the seventy-day speedy-trial clock has run. *See* § 3161(h). Five general rules of exclusion are relevant to this case.

The first period of exclusion is the time between the filing of a pre-trial motion and the day on which a district court becomes able to dispose of that motion. This includes "the entire time from the filing of the motion through the date of the hearing" as well as "all the days during which [the district court] is waiting to receive information necessary to decide a pending pre-trial motion," including the parties' filings regarding that motion. *Jenkins*, 92 F.3d at 438–39 (citations omitted). This time also includes the "period after a pretrial motion during which the court is awaiting the preparation of a transcript needed to rule on the motion." *United States v. Polan*, 970 F.2d 1280, 1285 (3d Cir. 1992).

Second, also excludable is the "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). If a district court refers a motion to a magistrate judge, there is one thirty-day period of exclusion while the motion is under advisement by the magistrate judge, and then a separate thirty-day period of exclusion that begins once the district court has received the magistrate judge's report and recommendations and all other materials required by the district court in order to review the report and recommendation. *United States v. Andress*, 943 F.2d 622, 626 (6th Cir. 1991) (holding that when a party submits its objections to a report and

3

recommendation, "the district court has before it all the materials it is due to receive [and] a new period of excludable delay begins; *viz.*, thirty days . . . within which a motion may be kept under advisement").

Third, if a district court finds that the "ends of justice" are served by excluding the delay attendant to a continuance, that delay is excludable so long as the district court sets forth its reasons for finding that the ends of justice require the exclusion of that time.  § 3161(h)(7)(A).

Fourth, "[t]he filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment."  *Sylvester v. United States*, 868 F.3d 503, 508–09 (6th Cir. 2017) (alteration in original) (collecting cases).  However, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986).  Because of this, "absent evidence of bad faith or unreasonable delay, courts have generally restarted the speedy trial clock if the superseding indictment adds new defendants to the case."  *Sylvester v. United States*, 110 F. Supp. 3d 738, 747 (E.D. Mich. 2015) (collecting cases), *aff'd* 868 F.3d 503 (6th Cir. 2017); *see also United States v. Chen Chiang Liu*, 631 F.3d 993, 998 (9th Cir. 2011) (recognizing that "not allowing the STA clock to restart upon the addition of a codefendant might result in the STA being used as a vehicle for requiring the government to prosecute codefendants piecemeal") (citing *United States v. King*, 483 F.3d 969, 973 (9th Cir. 2007)); *United States v. Harris*, 566 F.3d 422, 429 (5th Cir. 2009) (restarting the speedy trial clock upon the arraignment of a newly-joined codefendant).  After the issuance of a superseding indictment adding a defendant, 18 U.S.C. § 3161(h)(6) excludes from the speedy trial clock a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

4

Finally, when calculating the length of an excludable period, "both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded." *United States v. Cope*, 312 F.3d 757, 777 (6th Cir. 2002) (quoting *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984)).

In the present case, the parties agree that the speedy trial clock originally began running on September 19, 2016, when Mr. Prado was arraigned on the original indictment. [DE 16]. The United States argues that several excludable periods are applicable to Mr. Prado's speedy trial clock. [DE 117 at 730–38]. This Court will address each period in turn.

### A. The Period From September 19, 2016 – November 30, 2017 Is Excludable Under 18 U.S.C. § 3161(h)(6) As Reasonable Delay To Join Co-Defendant.

Ms. Diaz Garcia was added to the case as a co-defendant with the filing of the Second Superseding Indictment on September 6, 2017. [DE 62]. Ms. Diaz Garcia was arraigned on November 30, 2017. [DE 79]. The delay between these dates was caused by the fulfilment of a writ of *habeas corpus ad prosequendum* that had been issued for Ms. Diaz Garcia. [DE 72].

Mr. Prado does not argue that that there is any evidence of bad faith or unreasonable delay in joining Ms. Diaz Garcia as a defendant in the Second Superseding Indictment, or that the delay between indicting and arraigning Ms. Diaz Garcia was unreasonable. Therefore, because Ms. Diaz Garcia's speedy trial clock began running on December 1, 2017, Mr. Prado's speedy trial clock was reset on that date. *See* 18 U.S.C. § 3161(h)(6); *Sylvester* 110 F. Supp. 3d at 747*; United States v. Taylor*, 489 F. App'x 34, 49 (6th Cir. 2012) (starting a defendant's speedy trial clock when the final co-defendant was arraigned). Accordingly, Mr. Prado's speedy-trial clock was reset and had zero days on it as of November 30, 2017.[1]

---

[1] Had Mr. Prado's speedy trial clock run out prior to the issuance of the Second Superseding Indictment, the Act would have been violated before Ms. Diaz Garcia was joined and that joinder would therefore not reset the speedy trial clock. *Sylvester v. United States*, 110 F. Supp. 3d at 749. Mr. Prado does not argue

B.  **The Period From December 1, 2017 – January 22, 2018 Is Excludable Upon Request For Continuance By Mr. Prado.**

On November 7, 2017, Mr. Prado filed a motion requesting a continuance. [DE 75]. On November 14, 2017, the district court granted that motion and set a new trial date of January 22, 2018. [DE 77]. The court found that the ends of justice required excluding the period from November 14, 2017, to January 22, 2018, from the speedy trial clock. [*Id.*]. That period is therefore excludable under § 3161(h)(7)(A). Mr. Prado's speedy trial clock, which had zero days on it as of December 1, 2017, therefore had zero days on it as of January 22, 2018.

C.  **The Period From January 23, 2018 – May 23, 2018 Is Excludable Upon Request For Continuance By Ms. Diaz Garcia Without Objection By Mr. Prado.**

On December 20, 2017, Mr. Prado's co-defendant filed a motion requesting a continuance. [DE 90]. Mr. Prado did not object, and the district court granted that motion on January 8, 2018, setting a pretrial conference for May 23, 2018. [DE 96]. The court found that the ends of justice required excluding the period between January 8, 2018 and May 23, 2018. [*Id.*]. That period is excludable under § 3161(h)(7)(A). As a result, Mr. Prado's speedy trial clock, which had zero days on it as of January 22, 2018, had zero days on it as of May 23, 2018.

D.  **The Period From May 24, 2018 – June 11, 2018 Is Excludable For The Magistrate Judge's Consideration of Mr. Prado's Motion to Suppress.**

On December 21, 2017, Mr. Prado filed a Unified Motion To Suppress Searches and Statements From Prior State Cases (the "Motion to Suppress"). [DE 92]. On February 13, 2018, the district court referred that motion to a Magistrate Judge. [DE 102]. The Magistrate Judge held a suppression hearing on April 30, 2018 and granted Mr. Prado's request for permission to submit supplemental briefing. [DE 109]. Mr. Prado filed a post-hearing supplemental brief in support of

---

that the time allotted under the Act had expired prior to the issuance of the Second Superseding Indictment on December 1, 2017.

his Motion to Suppress on May 11, 2018. [DE 110]. The Magistrate Judge issued his Report and Recommendation concerning the Motion to suppress on June 15, 2018. [DE 112].

The period between the filing of Mr. Prado's motion to suppress on December 21, 2017, and the April 30, 2018 hearing on that motion is excludable. *Henderson*, 476 U.S. at 329–30. The period between the April 30, 2018 hearing and the court's receipt of Mr. Prado's supplement on May 11, 2018, is also excludable from the speedy trial clock. *See Jenkins*, 92 F.3d at 438–39. The thirty days following May 11, 2018, are also excludable, as the motion was "under consideration" by the Magistrate Judge.[2] Because the supplement was filed on May 11, 2018, the thirty-day period of excludable consideration time began on May 12, 2018 and ended thirty days later on June 11, 2018. Thus, the four days between June 12, 2018, and the issuance of the Report and Recommendation on June 15, 2018, are not subject to any exclusion. Mr. Prado's speedy trial clock, which had zero days on it as of May 23, 2018, therefore had four days on it as of June 15, 2018.

E. **The Period From June 16, 2018 – September 18, 2018 Is Excludable For The District Court's Consideration of Mr. Prado's Motion to Suppress.**

As noted in the June 15, 2018 Report and Recommendation issued by the Magistrate Judge and pursuant Fed. R. Crim. Pro. 59(b), the parties must file any objections to the Magistrate Judge's recommendation within fourteen days of service. [DE 112 at 681]. Further, Fed. R. Crim. Pro. 59(b)(2) provides: "Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate

---

[2] The Sixth Circuit had not said whether the speedy trial clock stops running for the entire time that a pre-trial motion is referred to a magistrate judge or whether the clock begins to run again after the motion has been "under consideration" by the magistrate judge for thirty days. *See United States v. Morata*, CRIMINAL ACTION NO. 3:14CR-82-CRS, 2016 WL 4535664, at *2 (W.D. Ky. Aug. 30, 2016). The United States does not argue that the entire time that a pre-trial motion is referred to a magistrate judge is excluded from the speedy trial clock and this Court will treat the period after a magistrate judge had had thirty days to consider a pre-trial motion as non-excludable.

judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review."

Mr. Prado filed his objections on June 27, 2018. [DE 113]. Mr. Prado did not arrange for a transcription of any portion of the record to be provided to this Court. Because Mr. Prado set forth objections to the determination that no evidentiary hearing was necessary, the transcript of the April 30, 2018 hearing, in which the Magistrate Judge found that there were no evidentiary issues necessitating an evidentiary hearing, was essential for the District Court's *de novo* review of his objections.[3] [DE 119]. Thus, the Court requested that transcript, and it was added to the docket on September 18, 2018. [DE 115].

The thirteen days between the issuance of the Report and Recommendation on June 15, 2018, and the filing of Mr. Prado's objections on June 27, 2018, are excludable because Mr. Prado's objections were necessary for this Court to decide the Motion to Suppress. *See Andress*, 943 F.2d at 626. Further, the eighty-two days between the filing of Mr. Prado's objections on June 27, 2018, and this Court's receipt of the transcript from the suppression hearing on September 18, 2018, are excludable because that transcript was necessary for this Court to decide the Motion to Suppress. *See id.*; *Polan*, 970 F.2d at 1285. Therefore, Mr. Prado's speedy trial clock, which had four days on it as of June 15, 2018, had four days on it as of September 18, 2018.

### F. The Period From September 19, 2018 – October 29, 2018 Is Excludable for Consideration of Mr. Prado's Motion To Dismiss.

On September 14, 2018, Mr. Prado filed the Motion to Dismiss. [DE 114]. The final submission relating to that motion was Mr. Prado's Reply to the United States' Response to the Motion to Dismiss, filed on October 5, 2018. [DE 118]. The time from the filing of the Motion

---

[3] It should be noted that, contrary to Mr. Prado's assertion that the prosecutor requested the transcript of the April 30, 2018 hearing, the District Court *sua sponte* requested the hearing transcript.

8

to Dismiss to the filing of Mr. Prado's Reply is excludable, as is thirty days thereafter. *See* 18 U.S.C. § 3161(h)(1)(H); *Jenkins*, 92 F.3d at 439. That thirty-day period would extend to November 4, 2018. Mr. Prado's speedy trial clock, which had four days on it as of September 18, 2018, therefore has four days on it as of October 29, 2018, the date of this Order.

### III. Conclusion

After calculating all the appropriate periods of exclusion, there remain sixty-six days on Mr. Prado's Speedy Trial Act clock. Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant's Motion to Dismiss for Speedy Trial Violations, [DE 114], is **DENIED**;

(2) The time period between the filing of Defendant's Motion to Dismiss for Speedy Trial Violations on September 14, 2018, and the date of this Order, is **excluded** from the provisions of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D).