UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                Plaintiff

v.                                                          Criminal Action No. 3:16-cr-00099-RGJ-01

LEONARDO RODRIQUEZ PRADO                                                            Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Leonardo Rodriquez Prado's Motion to Suppress Search of Residence (the "Motion to Suppress"). [DE 122]. The United States of America filed a response to the Motion to Suppress (the "Response"). [DE 127]. This matter is now ripe for adjudication. For the reasons set forth below, the Court will **DENY** Defendant's Motion to Suppress.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On July 23, 2014, Louisville Metro Police Department ("LMPD") officers arrived at the home of Mr. Prado and his girlfriend, Lisandra Diaz Garcia. Both Mr. Prado and Ms. Garcia were present. Ms. Garcia signed a "Consentimiento de Búsqueda" form (translated into English, "consent to search"). [DE 97-2]. Mr. Prado, despite being present, did not sign the "Consentimiento de Búsqueda" form. [*Id.*; DE 112 at 668–69]. After Ms. Garcia's written consent was obtained, a search of the home was conducted. [DE 112 at 668–69]. Mr. Prado was arrested and interviewed at the police station. [*Id*. at 669; DE 115, Apr. 20, 2018 Tr., 698:9–10,]. On August 17, 2016, Mr. Prado was indicted on several counts of wire fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1343, and 1028A((a)(1). [DE 1]. On December 21, 2017,

1

Mr. Prado moved this Court to suppress the evidence from the search of his home on July 23, 2014 among other evidence ("Original Motion to Suppress"). [DE 92].

This Court referred Mr. Prado's Original Motion to Suppress to Magistrate Judge Lindsay, who denied Mr. Prado's request for an evidentiary hearing for failure to make an initial showing of contested facts. [DE 109]. On June 15, 2018, Magistrate Judge Lindsay submitted an Report and Recommendation ("R&R") recommending that the Motion to Suppress be denied as to evidence procured from the July 23, 2014 search of the house among other requested evidence. [DE 112]. On June 27, 2018, Mr. Prado timely filed objections to the R&R [DE 113].

Specifically, with regard to the July 23, 2014 search of the home, Mr. Prado objected to Magistrate Judge Lindsay's decision not to hold an evidentiary hearing concerning the lawfulness of the July 23, 2014 search. [DE 113 at 684–86]. Mr. Prado argued two alleged issues of disputed facts required an evidentiary hearing. First, whether Ms. Garcia's signing of the "Consentimiento de Búsqueda" form was a valid consent to the search. [DE 113 at 685–86]. Second, whether Mr. Prado consented to the search. [*Id.* at 685]. Mr. Prado did not move, in his Original Motion to Suppress, to suppress the evidence from the July 23, 2018 search based on Ms. Garcia's consent. Instead, he specifically recognized the Government's position that "[t]he search of Mr. Prado's residence on July 23, 2014 was reported to be a consent search with consent from Mr. Prado's co-tenant, Ms. Diaz [Garcia]," but did not question the validity of that consent in his Original Motion to Suppress. [DE 92 at 457–58].

Mr. Prado first raised the issue of the validity of Ms. Garcia's consent to the July 23, 2014 search at the April 30, 2018 hearing before Magistrate Judge Lindsay. [DE 115, Apr. 30, 2018 Tr., 698:3–7, 711:2–10]. However, Mr. Prado did not provide any facts probative of that issue. [*Id.*]. Counsel for Mr. Prado merely asserted that the government had "the burden . . . of

2

establishing . . . knowing and voluntary consent from [Ms. Garcia]." [DE 115, Apr. 30, 2018 Tr., 698:3–5]. Magistrate Judge Lindsay then determined that an evidentiary hearing was unnecessary because there were no material facts in dispute and permitted further briefing "to allow counsel to make legal arguments on the motion to suppress." [*Id.* at 717:13-19].

On May 11, 2018, Mr. Prado filed his Supplement, raising for the first-time facts probative of Ms. Garcia's consent to the July 23, 2014 search. [DE 110]. Specifically, Mr. Prado asserted that: (1) the "list of items seized during the search lists the search as having occurred at 0935, twelve minutes before the consent was signed;" (2) immediately prior to a 2016 consent-search of Ms. Garcia's residence, officers used a "heavy-handed coercive approach" in convincing Ms. Garcia to consent to that search; and (3) during the 2016 search, Ms. Garcia "told the officer that she wanted a paper to sign because *last time they searched the house* they lied about everything." [*Id.* at 661–62].

On October 29, 2018 this Court denied in part and granted in part Defendant's objections to the Magistrate Judge's R&R. [DE 119]. This Court found that because Mr. Prado did not present any contested facts during or before the April 30, 2018 hearing, Magistrate Judge Lindsay properly determined that an evidentiary hearing was unwarranted. [DE 119 at 760 (citing *United States v. Abboud,* 438 F.3d 554, 577 (6th Cir. 2006))]. In addition, this Court also found that the Magistrate Judge's refusal to consider the facts first raised in the Supplement was also correct. [DE 119 at 760 (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008))]. Magistrate Judge Lindsay determined that an evidentiary hearing was unnecessary and permitted the parties to file supplemental briefs addressing the *legal* arguments surrounding suppression, not to relitigate whether an evidentiary hearing was warranted. [DE 115, Apr. 30, 2018 Tr., at 717:1–22]. Accordingly, Mr. Prado waived consideration of those issues of contested facts raised after his

Motion to Suppress and the hearing to determine whether an evidentiary hearing was warranted. *Scottsdale Ins. Co.*, 513 F.3d at 553. This Court, however, stated that "[i]f appropriate, Mr. Prado may move this court for leave to file a second motion to suppress pursuant to Fed. R. Crim. Pro. 12(c)(3)." [DE 119 at 760 (citing *United States v. Walden*, 625 F.3d 961, 964–66 (6th Cir. 2010))]. The instant Motion to Suppress was subsequently filed on November 7, 2018.

## II.  DISCUSSION

### A.  Standard of Review

The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. U.S. CONST. AMEND. IV. The Supreme Court has stated that "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). A search conducted pursuant to voluntary consent is a well-recognized exception to the Fourth Amendment's warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). When the government seeks to rely on a defendant's purported consent to constitutionally justify a search, it bears the burden of proving that the consent was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968).

As the Sixth Circuit has stated "it is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979); see also, *e.g.*, *United States v. Payne*, 588 F. App'x 427, 431 (6th Cir. 2014) ("The defendant bears the burden to demonstrate a violation of some constitutional or statutory right justifying suppression."). "The defendant who requests suppression bears the burden of production and

persuasion." *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014), *as amended* (Oct. 21, 2014)(citing *United States v. Chaar,* 137 F.3d 359, 363 (6th Cir.1998).

**B.     Ms. Diaz's Consent**

The Motion to Suppress the evidence from the July 23, 2014 residence search questions the validity of Ms. Diaz's consent to search on grounds that: (1) while the signed consent form indicates it was signed at 0947, the list of items seized during the search lists the search as having occurred at 0935, twelve minutes before the consent was signed; and (2) while pictures of the search show Mr. Prado present, the pictures do not show Ms. Diaz present. [DE 122 at 780]. Moreover, the Motion asserts that "[w]hile no body cams from the contested search have been provided, a body cam from a later search of the same residence on April 27, 2016, has been provided . . . A look at the 2016 search can shed some light on the alleged consent from the 2014 search."

Although the search was conducted without a warrant, the United States argues that because it was conducted with Garcia's consent, it was constitutional. [DN 97, at 485–86]. The United States has produced a Spanish-language "consent to search" form, signed by Garcia, as evidence that Garcia consented to the search. [DN 97-2, at 947]. Moreover, in support of that consent to search form, Garcia also executed an affidavit acknowledging that she understood the consent form and freely, knowingly, and voluntarily gave her consent to search all property at 9315 Longhorn Court. [DE 127-4, Affidavit of Lisandra Diaz Garcia, at 817]. Ms. Diaz also confirmed that Mr. Prado did not object to the search. *Id.*

"An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question." *United States v. Abboud,* 438 F.3d 554, 577 (6th Cir.

5

2006) (citation and internal quotation marks omitted).  Mr. Prado fails to present any "definite, specific, detailed, and non-conjectural" assertions which would enable the Court to conclude that there are contested facts as to the validity of Ms. Diaz's consent or the search itself.  Mr. Prado merely states that "despite [Mr. Prado's] presence at the search, the police chose to obtain the alleged consent to search from his girlfriend instead. No body cam footage of the July 23, 2014 search has been provided to the defense. No narrative other than the brief statement in the investigative report that 'Detectives went to location and conducted consent search of residence' has been provided."

Mr. Prado attempts to make a contested factual issue regarding Ms. Diaz's consent by pointing out that the consent form signed by Diaz Garcia indicates that she signed the form at 0947. [DE 127-2]. The inventory list of the search, however, indicated a search time of 0935, which is the time LMPD Det. McConnell arrived at the property. [DE 127-3, Inventory of Consent to Search].  Mr. Prado ignored the remaining information on the Inventory of Consent to Search which indicated the specific time each item was seized from the residence. *Id.*  No item was seized from the residence before 1110, well after the time of the signing of the consent form. *Id.* Moreover, the seizures continued for almost an hour until 1215. *Id.*  The passage of ten minutes between arrival and consent does not create a contested factual issue regarding Ms. Diaz's consent when no item was seized any earlier than 1110. It is uncontested that Ms. Garcia had common authority to consent to the search of the residence and defendant Prado raises no issues of fact regarding her authority to consent.

Finally, Mr. Prado's vague assertion that review of the 2016 search cam video may "shed some light on the alleged consent from the 2014 search" is conjectural and not relevant. The 2016

search is not relevant to the 2014 search and is moot because the United States has agreed not to use any evidence obtained from the 2016 search of the residence. [DE 127 at 810-811].

Because Mr. Prado raised no issue of contested fact, there is no need for an evidentiary hearing. The United States has provided evidence of a knowing and voluntary consent to search; thus, there are no appropriate grounds to suppress the evidence from the 2014 search.

### III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** as follows:

(1)    Defendant's Motion to Suppress, [DE 122], is **DENIED**.